IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERMAN NATONIO ROMAN-OLIVER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 2:15-cv-437
Crim. No. 2:11-cr-69
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

Petitioner filed a motion to vacate under 28 U.S.C. § 2255. *Motion to Vacate* (Doc. 154). On June 7, 2016, the United States Magistrate Judge recommended that the action be dismissed. *Order and Report and Recommendation* (Doc. 162). On June 29, 2016, the Court adopted that recommendation without objection. *Order* (Doc. 164). This matter is now before the Court on Petitioner's *Motion for Reconsideration* (Doc. 166), which was executed on September 11, 2017, and was filed in this Court on September 19, 2017. For the reasons that follow, Petitioner's *Motion for Reconsideration* (Doc. 166) is **DENIED**.

In his *Motion for Reconsideration*, Petitioner represents that he did not receive either the *Order and Report and Recommendation* (Doc. 162) or the *Order* (Doc. 164). He explains that, after filing his traverse, *Reply* (Doc. 161), he was transferred to another institution. Although he asserts that he advised the Court of his changed address, there is no notice of changed address on the docket, and the *Order and Report and Recommendation* (Doc. 162) and the *Order* (Doc. 164) were mailed to Petitioner's former institution. *See generally Motion for Reconsideration*. Indeed, those documents were returned to the Court with the notation "Return to Sender/Not at FCI Loretto." *See* Doc. 163; Doc. 165. Petitioner states that he began to make inquiry regarding

the status of this case in early 2017. *Motion for Reconsideration* (Doc. 166, PageID# 2848). In fact, he knew in February 2017 that a report and recommendation had been filed and that the action had been dismissed without objection. *See Copy of Docket Sheet*, attached to *Motion for Reconsideration* (Doc. 166, PageID# 2852). Petitioner asks that the dismissal of the action be vacated and that he be permitted an opportunity to object to the Magistrate Judge's recommendation.

In seeking relief from the dismissal of this action, Petitioner invokes Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure, which provide:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> \*\*\*
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (6). Petitioner contends that the requested relief is warranted because, as a result of mistake or inadvertence and through no fault of his own, he did not receive timely notification of the status of the proceedings in this case.

The grant of a motion for relief from judgment is generally disfavored as inconsistent with public policy considerations favoring the finality of judgments and the termination of litigation. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). A party seeking relief under Rule 60(b)(1) must demonstrate a "lack of culpability." *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012). Further, "[r]elief under Rule 60(b)(6) is limited to 'unusual and extreme situations where principles of equity

*mandate* relief.'" *Carnail v. Bradshaw*, No. 1:12-cv-1042, 2017 WL 525559, at *2 (N.D. Ohio Feb. 9, 2017) (citing *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Such are not the circumstances here. The docket does not indicate that Petitioner filed a notice of change of address and Petitioner has provided no evidentiary support – not even his own sworn affidavit – for his assertion that he timely notified the Court of his changed address.

Moreover, Petitioner's *Motion for Reconsideration* is untimely.[1] "A motion under Rule 60(b) must be made within a reasonable time – and [under Rule 60(b)(1)] no more than a year after the entry of the judgment or order or date of the proceeding" at issue. Fed. R. Civ. P. 60(c)(1). Whether the motion has been filed within a "reasonable time" depends on the facts of the case, including the length and circumstances of the delay and "the circumstances compelling equitable relief.'" *Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d at 365). The *Motion for Reconsideration* was filed more than fourteen (14) months after the Court's June 29, 2016, dismissal of this action and Petitioner waited approximately seven months after he learned, in February 2017, of the dismissal of this case, to file the *Motion for Reconsideration*. Petitioner offers no explanation or justification for this delay. Under these circumstances, relief from the dismissal of this action is unwarranted.

Petitioner's *Motion for Reconsideration* (Doc. 166) is therefore **DENIED**.

**IT IS SO ORDERED.**

9-22-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The United States Court of Appeals for the Sixth Circuit recently held, in *Penney v. United States*, — F.3d —, 2017 WL 3816049 (6th Cir. Sept. 1, 2017), that the Rule 60(b)(1) time limit "is not a jurisdictional rule" but "a claim-processing rule." *Id.* at *3 (*abrogating Mitchell v. Rees*, 261 Fed.Appx. 825, 830 (6th Cir. 2008)).