IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GERMAN NATONIO ROMAN-OLIVER,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

Civ. No. 2:15-cv-0437
Crim. No. 2:11-cr-0069
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Norah McCann King

## OPINION AND ORDER

Petitioner filed a motion to vacate, pursuant to 28 U.S.C. § 2255, challenging his 192-month sentence for conspiracy to distribute at least 500 grams but less than 5 kilograms of cocaine. Specifically, Petitioner alleged that he was denied the effective assistance of counsel because his attorney failed to communicate two plea offers and that, as a result, he was forced to proceed to trial. The United States Magistrate Judge recommended that the action be dismissed. *Order and Report and Recommendation* (Doc. 162). On June 29, 2016, the Court adopted that recommendation without objection. *Order* (Doc. 164). On September 22, 2017, the Court denied Petitioner's motion to reconsider the dismissal of the motion to vacate. *Opinion and Order* (Doc. 167). This matter is now before the Court on Petitioner's *Notice of Appeal* (Doc. 168), which the Court construes as including a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability is **DENIED**.

"In contrast to an ordinary civil litigant, a . . . prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —, —, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The

petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In order to make that showing, a petitioner must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate the Court's resolution of the issues presented in this action. Petitioner failed to object to the *Order and Report and Recommendation*. Ordinarily, a failure to object to a recommendation results in the waiver of the litigant's right to appeal the Court's adoption of that recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). In his motion for reconsideration, Petitioner complained that, because of a change in his address, he did not receive notice of the *Report and Recommendation* and was therefore unable to object. The Court denied the motion for reconsideration, observing that the record did not support Petitioner's representation that he timely notified the Court of his change of address and concluding that, in

2

any event, the *Motion for Reconsideration* was untimely. *Opinion and Order* (Doc. 167). The Court is not persuaded that jurists of reason would find it debatable whether the court was correct in these procedural rulings.

Therefore, Petitioner's request for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

10-4-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**